**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID J. RADICH; LI-RONG RADICH, | No.    16-16065 |
| Plaintiffs-Appellees, | DC No. CV 14-20 RVM |
| v. | |
| ROBERT A. GUERRERO, in his official capacity as Commissioner of the Department of Public Safety of the CNMI; LARRISA LARSON, | MEMORANDUM[*] |
| Defendants-Appellees, | |
| v. | |
| TANAPAG MIDDLE SCHOOL PARENT TEACHER STUDENT ASSOCIATION, Proposed Intervenor, | |
| Movant-Appellant. | |

Appeal from the District of the Northern Mariana Islands
Ramona V. Manglona, Chief District Judge, Presiding

Argued and Submitted June 15, 2018
Honolulu, Hawaii

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before:     TASHIMA, W. FLETCHER, and HURWITZ, Circuit Judges.

Tanapag Middle School Parent Teacher Association ("PTSA") appeals from the district court's denial of its motion to intervene for purposes of appeal after the court granted summary judgment for Li-Rong and David Radich in their action against the Commonwealth of the Northern Mariana Islands ("CNMI"). The district court agreed with the Radiches that certain provisions of the CNMI's Weapons Control Act violated the Second and Fourteenth Amendments. The CNMI did not appeal, but the PTSA moved to intervene to appeal and to contend on appeal that the Act was valid. The district court denied the motion. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

"Post-judgment intervention for purposes of appeal may be appropriate if the intervenors act promptly after judgment and meet traditional standing criteria." *Legal Aid Soc'y of Alameda Cty. v. Brennan*, 608 F.2d 1319, 1328 (9th Cir. 1979) (internal citations omitted); *see also United Airlines, Inc. v. McDonald*, 432 U.S. 385, 395 (1977). Traditional standing criteria require that PTSA has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). On appeal, a plaintiff has standing if its "interests have been adversely affected by the [district court]

2

judgment" and this court's reversal would redress that injury. *Organized Vill. of Kake v. U.S. Dep't of Agric.*, 795 F.3d 956, 963–64 (9th Cir. 2015) (en banc) (citation and quotation marks omitted). A plaintiff "cannot manufacture standing merely by inflicting harm on [itself] based on [its] fears of hypothetical future harm that is not certainly impending." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 416 (2013).

The PTSA claims that the district court's order striking down the Act will require the PTSA to install metal detectors in schools or hire security guards to protect against an increased danger of gun violence. Yet the PTSA, a voluntary association, has not shown that it has a legal duty to take such protective measures or that the district court's order requires the PTSA "to do or refrain from doing anything." *Hollingsworth v. Perry*, 570 U.S. 693, 705 (2013); *see also Valle del Sol Inc. v. Whiting*, 732 F.3d 1006, 1018 (9th Cir. 2013) ("An organization has direct standing to sue [when] it show[s] a drain on its resources from both a diversion of its resources and frustration of its mission.") (internal quotation marks and citations omitted) (alterations in original). Rather, the PTSA's claimed injury is no different than the generalized injury that may be suffered by other CNMI residents as a result of the district court's order. *See Lujan v. Defs. of Wildlife*, 504

U.S. 555, 560 n.1 (1992) (explaining that an injury must be "particularized," such that plaintiff was affected "in a personal and individual way").

The PTSA also claims that because teachers have a duty to protect students and some PTSA members are teachers, the PTSA has organizational standing. Even if the district court's order affects any duty to protect students that the teachers owe in their capacity as teachers, such a duty would not be a basis for PTSA organizational standing. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 181 (2000) (noting that to provide associational standing, affected interests of members must be "germane to the organization's purpose"). Ultimately, "Article III requires more than a desire to vindicate value interests." *Diamond v. Charles*, 476 U.S. 54, 66 (1986). Because the PTSA has not made such a showing, it lacks standing. Therefore, the district court did not err in denying the PTSA's motion to intervene.[1]

· ● ·

The judgment of the district court is **AFFIRMED**.

---

[1] Because we conclude that the PTSA lacks standing, we decline to address the Radiches' argument that the appeal is moot, as well as the PTSA's challenges on the merits to the district court's summary judgment order.